

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**11 CIV 9111**

------------------------------------------------------------- X

KARL BOST,

                          Plaintiff,

              -against-

CITY OF NEW YORK; Detective KARL
ECKERT, Shield No. 151; UC # C0170; JOHN
and JANE DOE 1 through 10, individually and in
their official capacities, (the names John and Jane
Doe being fictitious, as the true names are
presently unknown),

                         Defendants.

**COMPLAINT**

Jury Trial Demanded

RECEIVED
DEC 13 2011
U.S.D.C. S.D.N.Y.
CASHIERS

------------------------------------------------------------- X

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Karl Bost ("plaintiff" or "Mr. Bost"), is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Detective Karl Eckert, Shield No. 151 ("Eckert"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Eckert is sued in his individual and official capacities.

10. Defendant Undercover Officer No. C0170 ("UC #C0170"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant UC #C0170 is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through

12. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. Plaintiff works for the Transportation Safety Administration, an agency of the Department of Homeland Security, as a Behavior Detection Officer at JFK Airport.

15. On March 18, 2010, plaintiff's car was stolen and he reported it to the police and his insurance company.

16. Over seven months later, on November 29, 2010, at approximately 1:00 p.m., plaintiff was working at JFK airport when he was falsely arrested by unidentified police officers.

17. Plaintiff was charged with ten crimes, including four felonies, based on his alleged fraudulent reporting of his stolen vehicle seven months earlier.

18. There was no probable cause or arguable probable cause to believe plaintiff had committed any crime.

19. Following his arrest, Mr. Bost was taken to a police precinct and then

Central Booking.

20. At his arraignment, the prosecutor argued that Mr. Bost should be held on bail. Mr. Bost was released on his own recognizance after spending approximately 24 hours in custody.

21. As a result of the arrest, Mr. Bost was suspended from his job without pay from December 2010 until July 2011.

22. Mr. Bost appeared in Court on January 11, 2011, at which time the District Attorney had no paperwork regarding his case. The judge gave the People until June 24, 2011 to present their case.

23. All charges were dismissed on June 24, 2011.

24. While the charges were pending and he was suspended, Mr. Bost could not get another job in Law Enforcement and could not find any other job at all until approximately April 2011. This caused him to suffer a variety of financial calamities, including bankruptcy and damage to his credit, and required him to borrow money from his family. He also had difficulty obtaining needed medication.

25. During his seven-month suspension, in addition to lost wages, Mr. Bost was deprived of his federal benefits, Thrift Savings Plan and pension contributions, and missed at least two opportunities for promotions. Mr. Bost also had to pay legal fees to a private attorney for representation in the criminal case.

26. Additionally, as a federal Law Enforcement officer, the false arrest and

malicious prosecution caused significant reputational damages, especially in light of the severity, quantity and mendacity of the charges.

27.  Plaintiff was also deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment and humiliation.

## FIRST CLAIM
### False Arrest

28.  Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29.  Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

30.  As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### Malicious Prosecution

31.  Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32.  By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

33. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

34. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

### THIRD CLAIM
### State Law Malicious Prosecution

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

37. Defendants maliciously commenced criminal proceeding against plaintiff, by charging him with various crimes. Defendants falsely and without probable cause charged plaintiff with crimes of the laws of the State of New York.

38. The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

39. All charges were terminated in plaintiff's favor.

40. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

41. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Negligent Hiring/Training/Retention Of Employment Services

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

44. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

45. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

46. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

47. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

### FIFTH CLAIM
### Failure To Intervene

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

50. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

51. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   December 13, 2011

New York, New York

HARVIS & SALEEM LLP

_____
Afsaan Saleem
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
asaleem@harvisandsaleem.com

*Attorney for plaintiff*